UNITED STATES DISTRICT COURT
                                     DISTRICT OF MASSACHUSETTS

|                                          )
| **LOCAL NO. 8 IBEW RETIREMENT**          )
| **PLAN, on Behalf of Itself and All**    )
| **Others Similarly Situated,**           )
|                                          )
|            **Plaintiff,**                )
|                                          )
|            v.                            )     Civil Action No.
|                                          )     14-12296-FDS
| **VERTEX PHARMACEUTICALS INC.,**         )
| **JOSHUA BOGER, Ph.D., JEFFREY**         )
| **LEIDEN, M.D., Ph.D., PETER**           )
| **MUELLER, Ph.D., PAUL SILVA,**          )
| **ELAINE ULLIAN, and NANCY J.**          )
| **WYSENSKI,**                            )
|                                          )
|            **Defendants.**               )
|                                          )

              **MEMORANDUM AND ORDER ON MOTION FOR APPOINTMENT AS**
               **LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL**

**SAYLOR, J.**

    This is a putative class action involving alleged violations of the Securities Exchange Act

of 1934. Local No. 8 IBEW Retirement Plan has brought suit on behalf of a class of similarly

situated persons against Vertex Pharmaceuticals Inc. and a number of Vertex employees.

Plaintiff alleges that class members were harmed when they purchased Vertex's common stock

at prices that were artificially inflated by the company's false and misleading statements about

its products. Plaintiff also alleges that a number of Vertex executives personally profited by

selling millions of dollars of Vertex stock while the stock's value was artificially inflated.

    Local No. 8 has moved for (1) appointment as lead plaintiff and (2) approval of its

selection of Scott+Scott LLP as lead counsel, pursuant to § 21D(a)(3)(B) of the Securities

Exchange Act of 1934. 15 U.S.C. § 78u-4(a)(3)(B). Defendants have filed no opposition to the

motion. For the reasons set forth below, plaintiff's motion will be granted, Local No. 8 will be appointed lead plaintiff, and Scott+Scott LLP will be approved as lead counsel.

I. **Background**

Unless otherwise noted, all facts are stated as set forth in the complaint.

Vertex is a biotechnology company based in Massachusetts that researches and develops medicine to treat a variety of illnesses. (Compl. ¶¶ 3, 12). The company's products include medicines used to treat, among other things, cancer, hepatitis C, HIV, and influenza. (Compl. ¶ 20).

One of Vertex's products is the drug Kalydeco, which was approved by the Food and Drug Administration for use in treating cystic fibrosis in early 2012. (Compl. ¶¶ 4, 23).[1] The drug was approved for use among patients with a specific genetic mutation—a group that accounts for approximately four percent of those with cystic fibrosis. (Compl. ¶ 22). In early 2012, Vertex also began exploring the combination of Kalydeco with other medications or therapies to treat patients with more common forms of the disease. (*Id.*).

On May 7, 2012, Vertex announced that it had achieved significant results in a clinical study that combined the experimental drug VX-809 and Kalydeco in the treatment of patients with cystic fibrosis. (Compl. ¶ 28). The results indicated a substantial improvement in lung function. (*Id.*). Vertex's stock price, which had closed at $37.41 per share on May 4, closed at $58.12 per share on May 7. (Compl. ¶ 34). In the following weeks, the company's stock value rose as high as $64.94. (Compl. ¶ 35). Local No. 8 alleges that during that time the individual

---

[1] Cystic fibrosis is a fatal lung disease that causes life-threatening lung infections and digestion problems. (Compl. ¶ 23). Approximately 30,000 people in the United States have cystic fibrosis. (*Id.*). There is currently no cure for the disease. (*Id.*).

defendants collectively sold stock worth tens of millions of dollars.  (*Id.*).

On May 29, 2012, Vertex issued a statement that indicated that the results of the study were not as positive as the company's initial statements suggested.  (Compl. ¶ 46).  Based on that news, the stock declined from a price of $64.85 at the close of May 25 to $57.80 at the close of May 29.  (Compl. ¶ 50).

Local No. 8 IBEW Retirement Fund purchased 2,282 shares of Vertex common stock on May 14, 2012, and 871 shares on May 23, 2012.  (Compl., Sched. A).  Local No. 8 paid between $62.09 and $64.56 per share.  (*Id.*).[2]

On May 28, 2014, Local No. 8 filed a complaint on behalf of all purchasers of Vertex common stock between May 7, 2012, and May 29, 2012.  The complaint contends that Vertex and the individual defendants violated federal securities law by making false and misleading public statements concerning Vertex products.  It also contends that the named individual defendants, all Vertex executives, personally profited by selling millions of dollars of Vertex stock while the stock's value was artificially inflated.

On July 28, 2014, Local No. 8 moved for an order appointing itself as lead plaintiff and approving its selection of Scott+Scott LLP as lead counsel for the class.

## II. **Legal Standard**

The Private Securities Litigation Reform Act ("PSLRA") sets forth detailed procedures for bringing and maintaining securities class actions.  The provisions are intended to increase the chances that securities fraud cases are brought by investors who have substantial and genuine interests in the litigation.  *See In re Party City Sec. Litig.*, 189 F.R.D 91, 103 (D.N.J. 1999)

---

[2] Exhibit B to plaintiff's motion indicates that plaintiff purchased a total of 3,153 shares for a total cost of $210,735.77.  (Pl. Mem., Guglielmo Decl., Ex. B).

("Specifically, the PSLRA provides a method for identifying the plaintiff or plaintiffs who are most strongly aligned with the class of shareholders, and most capable of controlling the selection and actions of counsel.").

Under the PSLRA, a plaintiff seeking to represent a class must provide a sworn certification, at the time the complaint is filed, that (1) states that plaintiff has reviewed and authorized the complaint; (2) states that plaintiff did not purchase the security at issue in the complaint at the direction of counsel or in order to participate in a lawsuit; (3) states that plaintiff is willing to serve as a representative party and participate in trial; (4) sets forth all of plaintiff's transactions involving the security that is the subject of the complaint during the class period; (5) identifies any other action filed in the previous three years in which plaintiff has sought to be a class representative; and (6) states that plaintiff will not accept payment for being the representative party, beyond a *pro rata* share of the recovery, without court approval. 15 U.S.C. § 78u-4(a)(2).

A plaintiff who brings such an action must, within 20 days of filing the complaint, publish notice of the pendency of the class action in a widely-circulated, national business-oriented publication or wire service. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice, any other person or group of persons who are members of the putative class may apply to the court to be appointed as lead plaintiff in the action, whether or not they have filed a complaint. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II).

Once the 60-day period following publication of notice has run, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-

4

4(a)(3)(B)(i). There is a rebuttable presumption that the most adequate plaintiff in any such action is the person or entity that (1) has either filed the complaint or made a motion in response to notice by the party who filed the complaint; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii). This presumption may be rebutted with proof by a member of the purported class that the person identified as the most adequate plaintiff either will not fairly and adequately represent the class or is subject to unique defenses. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### III. Analysis

Plaintiff Local No. 8 has moved for appointment as lead plaintiff and approval of its selection of Scott+Scott LLP as lead counsel. Plaintiff is the only purported class member who has so moved. Defendants have filed no opposition.

Plaintiff has met the PLSRA's certification requirements. Plaintiff filed a certification signed by Jeremy Rodriguez, counsel for Local No. 8, along with its initial complaint. That certification set forth all statements and information required by the PLSRA at the time the complaint was filed.

Plaintiff has also complied with the notice requirement. On May 28, 2014, it published notice of the pendency of this action on *Globe Newswire*, a national, business-oriented newswire service. (Guglielmo Decl., Ex. A).

Because those requirements have been satisfied, the Court must next designate a lead plaintiff and approve lead counsel.

A.      **<u>Presumed Lead Plaintiff</u>**

Under the PSLRA, the Court must presume that the lead plaintiff is the person, or group of persons, who (1) filed the complaint or made a motion to be lead plaintiff, (2) has the largest financial interest in the relief sought, and (3) otherwise satisfies Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Local No. 8 meets all statutory requirements that govern the Court's choice of presumed lead plaintiff. Local No. 8 filed the complaint and this motion, and no other member of the purported class has made any competing motion in response to notice.

Local No. 8 appears to have the largest financial interest in the relief sought. Local No. 8 purchased 3,153 shares of Vertex stock at $62.09 to $64.56 per share on May 14 and 23, 2012, at a total price of $201,735.77. (Guglielmo Decl., Ex. B). No other party has come forward with any allegations of a larger financial interest in relief.

Local No. 8 otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, at least for the purposes of the present motion. In deciding a motion to serve as lead plaintiff, a court need only make findings as to the typicality and adequacy of the proposed lead plaintiff. *See In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009). Those findings need only be "preliminary." *Id.*

At this stage of the suit, both requirements are sufficiently met. As a preliminary matter, plaintiff's claims appear to be typical of the putative class's claims, in that they arise from the same course of events and involve the same legal theory as to the claims of the rest of the class. *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001). Plaintiff also appears capable of adequately protecting the interests of the class, in that plaintiff possesses

6

"common interests and an absence of conflict with the class members[,] and . . . plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation." *Id*.

Accordingly, Local No. 8 will be approved as the lead plaintiff.

### B. Choice of Counsel

Pursuant to § 21D(a)(3)(B)(v) of the Exchange Act, the presumptive lead plaintiff may select and retain counsel to represent the purported plaintiff class. 15 U.S.C. §78u-4(a)(3)(B)(v). Lead plaintiff's choice of counsel is subject to approval by the court. *Id*.

Local No. 8 has chosen the law firm of Scott+Scott LLP. The Court is aware of no reason why it should not approve of plaintiff's choice. It appears that Scott+Scott has handled a number of shareholder and securities class actions, and that the firm has recovered substantial awards for their clients. Scott+Scott also appears to have sufficient resources to handle the case. (Guglielmo Decl., Ex. C). Accordingly, the Court will approve Local No. 8's selection of Scott+Scott as lead counsel.

## IV. Conclusion

For the reasons stated above, plaintiff's motion is GRANTED. Local No. 8 IBEW Retirement Fund is approved as lead plaintiff, and Scott+Scott LLP is approved as lead counsel for the plaintiff and the putative class.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 8, 2014